May it please the Court, Todd Becraft for the petitioner, Antonio Vazquez. We'd like to reserve three minutes for rebuttal. Very well. Statements by an attorney during proceedings are not evidence and therefore are not properly part of the record of conviction that can be considered during a modified categorical approach. The California rules of evidence for criminal proceedings state that anything an attorney says are not evidence. Indeed, the Board of Immigration Appeals in the matter of Cassisi found that statements by a prosecutor during a sentencing hearing are not properly part of the record of conviction and also cannot be considered during the modified categorical approach. Regarding the probation and sentencing transcript, in which counsel conceded that it was a drug trafficking offense? Well, Your Honor, I believe that the phrase in the sentencing and probation report was something to the effect, I apologize, Your Honor, I wrote it down here, that the offense involved the sale of a $20 rock. And it's our position that that statement in and of itself is vague in that it doesn't clarify whether the sale was by Mr. Vasquez or whether it actually involved soliciting a sale by Mr. Vasquez, which would make all the difference in determining whether or not it was an aggravated felony. And indeed, this Court has held in U.S. v. Gonzales-Apricio that, quote, statements or admissions by defendant's counsel at the sentencing hearing are not judicially noticeable, close quote, when applying the modified categorical approach. The Board of Immigration Appeals herein held that the sentencing and probation transcript should be part of the record of conviction because it was conducted with all the safeguards of a court proceeding and that the defendant was under oath. It's our position that whether or not Mr. Vasquez was under oath is irrelevant because the statements were made by his attorney. The U.S. Supreme Court case in Shepard v. Holder and its progeny have set forth and clarified what documents may properly be considered part of the record of conviction. It's our position that those documents all refer to the plea phase of a criminal proceeding. In fact, the catch-all phrase which the courts have included allowing, quote, some comparable judicial record of this information, close quote, refer back to information gathered during the plea portion of a criminal proceeding. And additionally, Shepard and his progeny require that the documents that are in the record of conviction all reflect, quote, an explicit factual finding by the trial judge to which the defendant has assented, close quote. It's also our position that the sentencing and probation hearing contained no factual finding whatsoever by the judge and therefore there was nothing for Mr. Vasquez to assent to. The Board of Immigration Appeals herein, citing this Court's decision in Schnellenberger v. United States, noted that documents that are prepared contemporaneously with the plea may become part of the record of conviction. Let's set that issue aside. Let's say that we agree with you. And frankly, I don't think the record is ambiguous. If it counts, counsel said this is the sale of a $20 rock. That to me is an admission of drug trafficking. But let's say we agree with you and set aside the probation and sentence transcript. Is it your position then that the record is inconclusive as to whether he was convicted of an aggravated felony? Yes. That is our position. I don't see in the briefing any challenge of the fact that he was convicted of an offense involving cocaine base, which is listed in the CSA, the Federal Controlled Substances Act. So in other words, as I understand your position, you're challenging the finding that it was an aggravated felony. You're not challenging the V.I.A. and the immigration judge's conclusion that he was, in fact, convicted of an offense relating to cocaine base.  Correct, Your Honor. We're not contesting the fact that he was convicted of a crime involving a controlled substance. So if we agree with you that we have to set aside the probation and sentence transcript and looking at the documents that are permissible for review under Snellenberger, and if we decide that the record is inconclusive, how do you think Moncrief impacts the analysis? Well, Your Honor, I believe that issue has been fully briefed in a case that's also pending before this Court, that case, Almanza Arena v. Holder. That said, I believe that Moncrief undermines the reasoning of Young v. Holder in three different ways. First, the U.S. Supreme Court in Moncrief characterized the analysis as a legal inquiry as to whether the noncitizen has been convicted of a disqualifying crime. And it's our position that Moncrief characterized that as a legal inquiry does not properly involve burdens of proof. And second, I believe that the U.S. Supreme Court in Moncrief reasoned that the noncitizen will be disqualified if he has been necessarily convicted of a disqualifying crime. And it's our position that if the record is inconclusive, that he has then not been necessarily convicted of a disqualifying crime. And finally, I believe the Court in Moncrief was very sensitive to the idea that it is extremely difficult to prove a negative, that being so because oftentimes noncitizens have very little resources at their disposal, and they are often detained, and finally, maybe most importantly, there may not be any court record that would prove the negative. Kennedy. Well, you're aware that Almanza Arenas is going to deal with this issue? Yes, Your Honor. Okay. I believe I understand. I'm working on that case now. So would you agree that probably the best approach now is just to submit this matter, wait for Almanza Arenas to come down, which shouldn't be too long from now, and that Almanza Arenas will also deal with Moncrief's impact on the in-bank case? I do agree, Your Honor. Okay. I do agree. All right. I'll reserve the rest of my time for rebuttal. Okay. May it please the Court. My name is Rachel Browning, and I represent the Respondent, U.S. Attorney General. In Young, this Court held that when an alien applies for relief from removal, the Real ID Act places the burden on him to prove by a preponderance of the evidence that a ground for mandatory denial does not apply to his case, and an alien cannot meet this burden simply by resting on an inconclusive record of conviction. Thus, even if this Court disagrees with Respondent's position that the record establishes that an aggravated felony was committed and not the conviction involved a sale, the record is at best inconclusive. And in that sense, Mr. Vasquez has failed to meet his burden of establishing eligibility for relief of cancellation of removal. I think it works the other way. The burden is on the government. If this were a charge of removability, yes, Your Honor, then the burden would be on the government to establish that the record was conclusive and that it was an aggravated felony. However, in this case, as Your Honor pointed out, the issue of removability and admissibility has been conceded or at least not challenged. And so the only issue then is whether Mr. Vasquez is statutorily eligible for cancellation of removal, and the burden then shifts to him to prove by a preponderance of the evidence that one of the mandatory grounds of denial does not apply to his case. We're talking about cancellation of removal here since counsel indicated that he's not challenging the IJ's finding that this was a conviction related to cocaine base, which is listed on the Federal Controlled Substances Act. But before Moncrief came down, I would say that you've got a pretty darn good argument because of Young. Now that Moncrief has, if we determine that it undermines or is clearly irreconcilable with Young, what argument does the government have? Well, Your Honor, we don't believe that the two decisions are clearly irreconcilable because it's the same. But assuming that we do decide that it's irreconcilable, then what argument is left to the government? Well, if I suppose then what Judge Pegersen said about Almanza Arenas, it comes down to what the Court decides about that. All I can state is that Moncrief, the issue was a distinct issue about whether a particular crime met the Federal felony definition of being punishable as a felony. Moncrief did not focus at all on the Real ID Act provision, which was important for the decision in Young, which is when you get to the relief stage, what the burden entails and how the alien meets that burden. So our position is that the two decisions are not irreconcilable because they focus on different things. I understand that that's the government's position, but if Almanza Arenas comes out the other way, then is this case that would have to be remanded on the cancellation of removal issue? I suppose then, Your Honor, yes, the Board would have to address the issue of eligibility within that context in light of Moncrief and Young and how those two, you know, how it's going to apply those two decisions going forward. I'm not prepared to speak too much more on the issue of Moncrief without sounding like I'm just speculating, so. Well, yeah. But when the decision comes down, you'll certainly have an opportunity to brief it. These are complicated issues. Yes, it is, Your Honor. Yeah. But we don't create the complexity that Congress does. I suppose that's true. So we have to deal with it. So you want to save your time for the next argument when it comes up? I suppose I could do that. I'll just say one brief thing about the sentence and probation document. The Board referred to Snellenberger and the aspect of that decision that remarked that the list of documents accepted in Shepard was illustrative and not exhaustive and that at times documents outside the record of conviction could be considered in conjunction with the record of conviction in order to discern whether a crime involved, in this case, a sale as opposed to a solicitation. And so that's why the immigration judge, I believe, found that that document was probative as to the discrete issue of his attorney stating that it, in fact, was a sale as opposed to an offer. The non-exhaustive list is a little open-ended, though, don't you think? I mean, that argument would, it looks like a crack, but it's a pretty wide door. And so I wonder, I did read Gonzales-Aparicio. I wonder how we can, if the case turns on that issue, how can we reconcile the government's desire to allow in a statement by counsel with the holding in that case? Well, I think the court could allow for an immigration judge to consider a sentencing transcript, whether they can consider the transcript at all and whether that transcript has sufficient information in it are two different things. If the transcript contained statements, off-the-cuff remarks that went more to conduct or behavior or attitude or anything like that, then those would not be probative as to what the petitioner pled to. In other instances, there might be very probative evidence where an attorney says these were the pleadings. And in that case, when considered in conjunction with the record of condition, that could be sufficient evidence, much as this Court remarked in, I believe, Corona-Sanchez, that a probation report in and of itself would not be enough because often those just contain the generic offense without any other reference to the specific pleadings. But that sort of left open, I think, the possibility that the two things could be considered together in order to discern or to narrow the conviction. If there are no further questions, our position remains that because the record of conviction is inconclusive, the Board's decision should not be disturbed and should deny the petition for review. Thank you. Thank you very much. Thank you. Do you have a brother in the audience? No. Looks like me. Yeah, looks like you. See him? Good looking guy. You better have your DNA checked. Just wait until we decide that other case. Right. Your Honor, I was just going to reiterate that. We request that the matter be submitted pending the decision in Almanza Arena. Thank you. Thank you. Thank you. This matter is submitted.
judges: Tigar, Pregerson, Nguyen